UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-MJ-02638-Torres

United States of America

v.

Ricardo Javier LOPEZ-DURAN

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  *Kevin J. Larsen*
KEVIN J. LARSEN
Assistant United States Attorney
Court ID No.   A5501050
99 N.E. 4th Street
Miami, Florida 33132
Tel: 305-961-9176
Email: kevin.larsen2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RICARDO JAVIER LOPEZ-DURAN,<br><br>Defendant(s) | ) ) ) ) ) ) ) Case No.   22-MJ-02638-Torres |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   July 18, 2019   in the county of   Miami-Dade   in the Southern District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1956(a)(1)(A)(i); (a)(1)(B)(i). | Laundering of monetary instruments |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_/s/ Wm. Beauparlant_   ID 4791
Complainant's signature

Task Force Officer, William Beauparlant, DEA
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by   Telephone.

Date:   April 14, 2022

_/s/ E. Torres_
Judge's signature

City and state:   Miami, Florida             Hon. Edwin G. Torres, Chief U.S. Magistrate Judge
Printed name and title

### AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST FOR RICARDO JAVIER LOPEZ-DURAN

I, William J. Beauparlant, Task Force Officer for the Drug Enforcement Administration, United States Department of Justice, being duly sworn, do depose and state:

1. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) since 2004. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics and money laundering statutes.

2. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against **RICARDO JAVIER LOPEZ-DURAN** ("Defendant" or "LOPEZ-DURAN") for knowingly and willfully committing laundering of monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i).

<u>Trade-Based Money Laundering</u>

3. As part of my official duties, I investigate Colombian Drug Trafficking Organizations ("DTO") known to import controlled substances such as cocaine into the United States for sale and distribution. The sale of DTO cocaine in the United States generates an enormous volume of cash proceeds that DTOs must launder and disguise in order to smuggle the cash out of the

United States. Trade-Based money laundering is one method employed by DTOs to export criminal drug proceeds out of the United States to Colombia. Simply put, Trade-Based money laundering involves laundering drug proceeds through businesses involved in the purchase and/or sale of commodities and/or goods in an effort to conceal the criminal nature of the proceeds and to further promote the business of the DTO.

<u>The Black Market Peso Exchange</u>

4. Based on my training and experience, DTOs aggressively use what is known as the Black Market Peso Exchange ("BMPE") to launder drug proceeds. Colombian money brokers facilitate the exchange of U.S. dollars and other currencies, principally Colombian pesos, to DTOs through Colombian businesses. A money broker is an individual with ready access to liquid assets that can be quickly moved or converted to pesos. Proceeds generated from the sale of cocaine in the United States flow through accounts owned and/or controlled by money brokers in order for DTO members to be paid. Money brokers typically earn a sizable commission for their role in the money laundering operation.

5. The BMPE is successful in large part because drug traffickers with large quantities of dollars in the U.S. derived from drug sales need these proceeds converted into local currencies for use in Colombia. Meanwhile, businesses or individuals in Colombia seek U.S. dollars to import goods from the United States or pay for services rendered there. Purchasing dollars in the United States from a money broker with access to narcotics dollars allows the DTO and Colombian businesses to avoid law enforcement, taxes, facilitates the smuggling of bulk currency over borders, and the less favorable exchange rates associated with officially regulated Colombian currency exchange.

6. A typical BMPE transaction proceeds as follows: (1) The DTO utilizes the BMPE by entering

into a verbal agreement with a Colombian money broker; (2) the DTO domestically delivers the drug proceeds in United States Currency (USC) in a concealed manner often through the use of couriers paid to transfer the proceeds to the money broker and/or associates working on behalf of the broker; and (3) upon receipt by the money broker, he or she is obligated to coordinate the release of an equivalent amount of Colombian pesos to the DTO as a form of payment for the narcotics sold in the U.S. The money broker the directs and introduces the USC comprised of the drug proceeds into the U.S. banking system, generally through structured wire transactions to specified legitimate business accounts, and once the drug proceeds are sufficiently "laundered," they are then used to purchase items in trade such as cellular telephones, electronics, or other commodities that will be shipped to Colombia and sold by Colombian businesses.

### The Instant Investigation

7. Evidence described herein and submitted in support of the proposed Criminal Complaint was developed by law enforcement through use of, among other things, one or more Confidential Sources ("CS") and Undercover law enforcement personnel ("UC"). During the course of the instant investigation, LOPEZ-DURAN, acting in the capacity of a Colombian money broker for DTOs in Colombia, met on several occasions with CSs and UCs working with law enforcement and described his role in the money laundering scheme. In sum, based on several conversations between CSs and LOPEZ-DURAN, some of which were recorded, law enforcement learned that LOPEZ-DURAN is a Colombian money broker who uses the cover of his company Fracol Tech International, LLC. ("FRACOL"), located in the Southern District of Florida, to conduct trade-based money laundering activities on behalf of one or more DTOs operating primarily out of Colombia. Law Enforcement learned that LOPEZ-DURAN facilitates the pick-up and

subsequent deposit of drug proceeds into one or more business bank accounts in the name of FRACOL. These funds are subsequently wired out of the United States and converted to Colombian pesos using the BMPE process described *supra*.

8. Specifically, in or around July 2019, while in the Southern District of Florida, LOPEZ-DURAN met with a CS working with the Drug Enforcement Administration (DEA) and gave the CS approximately $200,000 in USC. LOPEZ-DURAN informed the CS that the bulk currency was proceeds from the "business" of a cocaine shipment that was brought into the Southern District of Florida via Miami from the Dominican Republic.[1] LOPEZ-DURAN directed the CS to wire the approximate sum of $194,000 in USC to his FRACOL business bank account at PNC Bank. A law enforcement UC agent wired the proceeds consistent with LOPEZ-DURAN's instructions on or about July 18, 2019. After the proceeds were wired to FRACOL by law enforcement, the CS stated that LOPEZ-DURAN told him that he released the equivalent exchange, minus his agreed percentage (commission), of the dollars to pesos for the DTO in Colombia and replenished his float of currency in Colombia by the export of cellular telephones he purchased in South Florida.

Defendant's <em>Mirandized</em> Statements

9. On or about February 25, 2021, LOPEZ-DURAN was interviewed by law enforcement after receiving an advisement of his *Miranda* rights in Spanish. I was present for this interview. After waiving his *Miranda* rights, LOPEZ-DURAN stated that he has been working in the cell phone business since 2014 and that his Weston, FL company FRACOL is a company that sells electronics such as cell phones and cell phone accessories. LOPEZ-DURAN admitted that he has utilized FRACOL to launder drug proceeds generated by DTOs in the United States to

---

[1] Based on my training and experience the term "business" is commonly used by members of DTO to refer to drug trafficking shipments.

Colombia. LOPEZ-DURAN stated that in furtherance of his Trade-Based money laundering activities, he purchases cell phones in the United States using drug proceeds provided to him by members of DTOs. LOPEZ-DURAN further stated that he used FRACOL to ship the cellphones to Colombia where they are sold and the proceeds from those sales, minus his commission, get released to members of the DTO.

## Money Laundering

10. It is a federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering. A defendant is guilty of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) if: he or she knowingly conducts or tries to conduct, a financial transaction; (2) he or she knows that the money or property involved in the transaction are proceeds of some kind of unlawful activity; (3) the money or property came from an unlawful activity, *e.g.* the sale of cocaine; and (4) he or she was involved in the financial transaction with the intent to promote the carrying on of the specified unlawful activity. *See* Eleventh Circuit Pattern Jury Instruction (Criminal), O.74.1 (2022). Title 18, United States Code, Section 1956(a)(1)(B)(i) makes it an additional crime for a defendant to conduct a financial transaction involving proceeds that he/she knows are derived from an unlawful activity that is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds. *See* Eleventh Circuit Pattern Jury Instruction (Criminal), O.74.2 (2022). Based on the foregoing facts, I submit that probable cause exists to believe RICARDO JAVIER LOPEZ-DURAN did knowingly and willfully conduct and attempt to launder

monetary instruments in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i).

**FURTHER AFFIANT SAYETH NAUGHT.**

WILLIAM BEAUPARLANT
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this __14__ day of April, 2022.

EDWIN G. TORRES
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RICARDO JAVIER LOPEZ-DURAN,<br><br>*Defendant.* | )<br>)<br>)   Case No.  22-MJ-02638-Torres<br>)<br>)<br>)<br>) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   RICARDO JAVIER LOPEZ-DURAN                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☑ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Laundering of monetary instruments in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i).

Date: April 14, 2022

*Issuing officer's signature*

City and state:   Miami, Florida            Hon. Edwin G. Torres, Chief U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)*  _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: RICARDO JAVIER LOPEZ-DURAN

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties: 140 Lakeview Drive, Apt. #110, Weston, FL 33326

Last known employment:

Last known telephone numbers: 305-850-0161

Place of birth: United States

Date of birth: 01/09/1975

Social Security number: 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

Height: 5'8    Weight: 180

Sex: Male    Race: Hispanic

Hair: Black    Eyes: Brown

Scars, tattoos, other distinguishing marks: Unknown

History of violence, weapons, drug use: Unknown

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: N/A

Complete description of auto: Unknown

Investigative agency and address: DEA

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-02638-Torres

## BOND RECOMMENDATION

DEFENDANT: RICARDO JAVIER LOPEZ-DURAN

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Kevin J. Larsen*
AUSA: KEVIN LARSEN

Last Known Address: 140 Lakeview Drive, Apt. #110

Weston, FL 33326

What Facility:

Agent(s): William Beauparlant, DEA-TFO
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)